UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEE MADSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | Case No.: 1:23-cv-01530-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR PLAINTIFF'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>(Doc. 13).<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Andre Lee Madsen ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (Docs. 1, 12).

**I.     RELEVANT BACKGROUND**

Plaintiff initiated this action with the filing of a complaint on October 27, 2023, while incarcerated at the California Correctional Institution.  (Doc. 1).  Plaintiff raised Eighth Amendment claims for deliberate indifference to serious medical needs, failure to protect, and a state law claim for medical negligence against unknown defendants.  *Id*.

On January 18, 2024, the Court issued its first screening order pursuant to 28 U.S.C. § 1915A(a).  (Doc. 9).  The Court found Plaintiff may be able to state cognizable claims for deliberate indifference to medical needs and failure to protect under the Eighth Amendment, and for medical negligence under California state law.  *Id*. at 5-9.  However, Plaintiff's complaint

failed to comport with Rule 8 and failed to state any other cognizable claim for relief. *Id*. The Court granted Plaintiff leave to amend and cure his complaint to the extent he is able to do so in good faith. *Id*. at 9.

On March 18, 2024, Plaintiff filed a first amended complaint. (Doc. 12). On April 25, 2024, the Court issued a second screening order. (Doc. 13). Again, the Court found that Plaintiff's complaint did not comport with Rule 8. *Id*. at 5. Specifically, Plaintiff did not identify when the alleged medical operation took place, and what actions, if any, the fifteen proposed medical defendants took against him. *Id*. Further, the Court found Plaintiff had not alleged compliance with the Government Claims Act in relation to his state law claim for medical negligence. *Id*. at 8-9.

The Court found Plaintiff may be able to state cognizable claims for deliberate indifference to medical needs and failure to protect under the Eighth Amendment. *Id*. at 9. The Court granted Plaintiff twenty-one (21) days to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Id*. The Court forewarned Plaintiff that if he failed to comply with the order, the Court would recommend that the action be dismissed, without prejudice, for failure to obey a court order, and failure to prosecute. *Id*. at 11.

On April 29, 2024, Plaintiff filed a notice of change of address to Terminal Annex, P.O. Box 86164, Los Angeles, CA 90036. (Doc. 14). That same day, the Court re-served the second screening order by mail. On May 7, 2024, the second screening order directed to Plaintiff's prior address of record was returned to the Court by the United States Postal Service marked "Undeliverable, Unable to Forward." *Id*. On May 13, 2024, the copy of the second screening order served on Plaintiff on his current address of record was returned to the Court by the United States Postal Service marked as "Undeliverable, Released." *Id*.

The Court's review of the California Incarcerated Records and Information Search (CIRIS) tool produced no results using Plaintiff's first and last name and/or CDCR number,[1] indicating Plaintiff is no longer in the custody of the California Department of Corrections and

---

[1] *See* https://apps.cdcr.ca.gov/ciris/results?lastName=batten&firstName=sly and https://apps.cdcr.ca.gov/ciris/results?cdcrNumber=BM9596 , as of July 23, 2024.

Rehabilitation (CDCR).

## II. DISCUSSION

### Applicable Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address…Absent such notice, service of documents at the prior address of the…pro se party shall be fully effective." Under Local Rule 183, the Court may dismiss an action without prejudice for failure to prosecute if a plaintiff fails to notify the Court and opposing parties within sixty-three (63) days of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Analysis**

The Court considers the *Henderson/PPA* factors identified above and concludes they largely favor dismissal in this case for Petitioner's failure to prosecute and obey court orders. The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action. The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Here, Plaintiff failed to respond to the second screening order. Further, the second screening order was returned to the Court as "Undeliverable." Plaintiff has failed to keep the Court appraised of his current address and has not been in contact with the Court.[2] There are no other reasonable alternatives available to address Plaintiff's failure to obey the Court's rules and failure to prosecute this action. Thus, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants…" *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Plaintiff has failed to comply with the Court's order requiring him to file a second amended complaint. The Court is experiencing an ongoing judicial emergency and heavy caseload. Plaintiff's failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

The third factor is inapplicable to this matter as Defendants have not been served and ordered to file a response.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643 (9th Cir. 2002). Here, upon review, the

---

[2] The Court notes Plaintiff is aware of his need to keep the Court appraised of his current address as the docket reflects Plaintiff had filed a notice of change of address on April 29, 2024. (Doc. 14).

1   Court deemed the complaint deficient as it fails to state a cognizable claim for relief.  (Doc. 13).

2   Thus, Plaintiff has not presented a matter on the merits for the Court to consider.

3         Finally, the Court's warning to a party that failure to obey the court's orders or rules will

4   result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d

5   at 1262.  Here, Plaintiff was advised if he failed to comply with the Court's order, the Court

6   would recommend the action be dismissed.  (Doc. 13 at 11).  Additionally, in the First

7   Informational Order in Prisoner/Civil Detainee Civil Rights Case issued October 27, 2023,

8   Plaintiff was advised as follows: "In litigating this action, the parties must comply with this

9   Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United

10  States District Court, Eastern District of California ("Local Rules"), as modified by this Order.

11  Failure to so comply will be grounds for imposition of sanctions which may include dismissal of

12  the case. Local Rule 110; Fed. R. Civ. P. 41(b)."  (Doc. 2 at 1).  That order further advised: "A

13  pro se plaintiff must keep the Court and opposing parties informed of the party's correct current

14  address. Local Rule 182(f). If a party moves to a different address without filing and serving a

15  notice of change of address, documents served at a party's old address of record shall be deemed

16  received even if not actually received…If mail directed to a pro se plaintiff at the address of

17  record is returned by the United States Postal Service as undeliverable, the order will not be re-

18  served a second time absence of a notice of change of address." *Id*. at 5.

19        The Court finds Plaintiff had adequate warning that dismissal could result from his

20  noncompliance with this Court's Local Rules. Thus, the fifth factor — the availability of less

21  drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at

22  1440.

23        In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has

24  failed to prosecute this action. *Henderson*, 779 F.2d at 1424.  Whether Plaintiff has done so

25  intentionally or mistakenly is inconsequential.  It is Plaintiff's responsibility to comply with the

26  Local Rules, to prosecute this action, and to keep the Court apprised of his current address.  The

27  Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

28

### III.  CONCLUSION, ORDER AND RECOMMENDATIONS

Accordingly, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

Further, the Court **RECOMMENDS** that this action be dismissed, with prejudice, based on Plaintiff's failure to obey the Local Rules, to prosecute this action, and to keep the Court apprised of his current or correct address.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 24, 2024**                                          _____
                                                                                            UNITED STATES MAGISTRATE JUDGE